**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

EARNEST BARNARD CLAYTON,

    Plaintiff,

v.

CHRISTINA EVANS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-158

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 while incarcerated at Georgia State Prison in Reidsville, Georgia. Doc. 1. Plaintiff seeks leave to proceed *in forma pauperis*. Doc. 2. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Amend, doc. 4, and **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will conduct a de novo review of properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this action on December 11, 2017. Doc. 1. Over a year later, on January 14, 2019, Plaintiff filed a motion asking for leave to file an amended Complaint. Doc. 4. The Court has considered the factual allegations of Plaintiff's Amended Complaint, doc. 4-1, in making this ruling. However, as discussed below, the Amended Complaint is futile because Plaintiff's action would still be subject to dismissal even if leave to amend were granted. Thus, the Court **DENIES** Plaintiff leave to amend. Delgiudice v. Primus, 679 F. App'x 944, 949 (11th Cir. 2017) ("A district court may properly deny leave to amend the complaint under Rule 15(a) if an amendment would be futile" and "the complaint as amended would still be properly dismissed").

Plaintiff's Complaint, doc. 1, and Amended Complaint, doc. 4-1, are nearly identical to many of his other complaints already determined to be deficient by this Court. See, e.g., Clayton v. Williams, 6:16-cv-151 (S.D. Ga. Nov. 14, 2017); Clayton v. Williams, 6:16-cv-174 (S.D. Ga. Mar. 20, 2017); Clayton v. Williams, No. 6:17-cv-70 (S.D. Ga. Dec. 6, 2017); see also Mathis v. Smith, 181 F. App'x 808, 809–10 (11th Cir. 2006) ("When considering the issue of frivolity, 'a litigant's history of bringing unmeritorious litigation can be considered.'" (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001))). Plaintiff names 20 Defendants and provides a 10-page attachment of mainly illegible and nonsensical text to his Complaint form. The Amended Complaint provides names for several John Doe Defendants and adds factual information. Doc. 4-1. His Complaint, as amended, raises many of the same unrelated issues from his previous complaints, such as poor prison sanitation, lack of due process for his placement in administrative segregation, excessive force, retaliation, and failure to protect. Doc. 1 at 5–15; Doc. 4-1 at 6–10.

**DISCUSSION**

**I.   Plaintiff's Status as a "Three-Striker"**

Plaintiff seeks to bring this action *in forma pauperis*. Doc 2. Under 28 U.S.C. § 1915(g), indigent prisoners are barred from proceeding *in forma pauperis* after filing three meritless actions. 28 U.S.C. § 1915(g); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). This provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). "After the third meritless suit," the prisoner may continue to file suits with the court but "must pay the full filing fee at the time he initiates suit." Dupree, 284 F.3d at 1236. Therefore, when a prisoner seeking *in forma pauperis* status is barred by the three strikes provision, courts should dismiss the complaint without prejudice. Id. The only exception is if the prisoner makes a showing of "imminent danger of serious physical injury." Ingram v. Warden, 735 F. App'x 706 (11th Cir. 2018).

As this Court has recently noted in other cases brought by Plaintiff, he clearly qualifies as a "three-striker" under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act. See Clayton v. Allen, No. 6:18-cv-5 (S.D. Ga. May 9, 2018) (dismissing based on Plaintiff's status as a third striker); Clayton v. Lones, No. 6:18-cv-33 (S.D. Ga. July 23, 2018) (same). A review of Plaintiff's filing history reveals that, prior to filing this suit on December 11, 2017, Plaintiff had at least three civil actions or appeals which were dismissed, in part, for failing to state a claim and, thus, count as strikes under § 1915(g). A non-exhaustive list of these cases includes:

1) Clayton v. Williams, No. 6:17-cv-70 (S.D. Ga. Dec. 6, 2017) (dismissal for failure to state a claim and failure to follow court order);

2) Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (dismissal for failure to state a claim and failure to follow court order);

3) Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (dismissal for failure to state a claim and failure to follow court order); and

4) Clayton v. Bryson, No. 7:15-cv-164 (M.D. Ga. Sep. 8, 2015) (dismissal for failure to truthfully disclose litigation history).[2]

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception of § 1915(g).

## II. Plaintiff's Allegations of Imminent Danger of Serious Physical Injury

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)). "In determining whether the imminent-danger exception applies, we construe a pro se plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a whole." O'Connor v. Warden (O'Conner III), No. 17-14464, 2019 WL 413681, at *1 (11th Cir. Feb. 1, 2019). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Sutton v. Dist. Attorney's Office, 334

---

[2] Ingram, 735 F. App'x at 706 (affirming that dismissals for failure to truthfully disclose litigation history constitute a strike under § 1915(g)).

4

F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting <u>Brown v. Johnson</u>, 387 F.3d 1344, 1349–50 (11th Cir. 2004))); <u>see also</u> <u>Skillern v. Paul</u>, 202 F. App'x 343, 344 (11th Cir. 2006); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute").

In his Complaint, Plaintiff alleges he is "in imminent danger of serious physical injury" from "being harmed more in the future from conditions described or indicated here in this [C]omplaint." Doc. 1 at 12. However, vague allegations of this sort, without any factual grounding, are not enough to overcome the three-strikes bar. <u>O'Connor v. Suwannee Corr. Inst. (O'Conner I)</u>, 649 F. App'x 802, 805 (11th Cir. 2016) (observing that imminent danger cannot be based on claims which are "speculative and not factually supported"). While Plaintiff's Complaint and subsequent filings contain "a laundry list of injuries that he alleges either has or will occur," he does not show, outside of conclusory statements, that these injuries amount to "serious physical injuries." <u>See</u> <u>O'Connor v. Sec'y, Fla. Dep't of Corr. (O'Conner II)</u>, 732 F. App'x 768, 770 (11th Cir. 2018). Even though some of his allegations might constitute serious physical injuries, Plaintiff never explains why the danger he asserts he faces is imminent. Many of the unsanitary prison conditions Plaintiff complains of date back to 2015 or 2016 and were included in his prior lawsuits. The length of time such conditions have persisted weigh against any finding of a practice or pattern of misconduct which places Plaintiff in imminent danger.

5

In his Amended Complaint, Plaintiff adds an additional argument, asserting that the dirt and dust entering his cell through the prison ventilation system caused various medical problems which create imminent danger.³ Doc. 4-1 at 9. As a result of the dust accumulation in his confined cell, Plaintiff experiences "extreme headaches, unidentified particles of dust and lint in [his] lungs and mucus, changes in his voice, and other symptoms." Id. Plaintiff writes that he had "unidentified particles of dust and lint" in his mucus and lungs "at the time [he] signed this [C]omplaint on January 6, 2019, and at the time of . . . filing of this [A]mended [C]omplaint." Id. at 9–10. However, Plaintiff signed the initial Complaint in this action on December 2, 2017, and filed it with this Court on December 11, 2017. Doc. 1 at 1, 15.

Plaintiff's allegation is insufficient to show he was in imminent danger when he brought this action on December 11, 2017, as required to surpass § 1915(g)'s three strikes provision. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger *at the time he filed his complaint*." (emphasis added)); Jackson v. Jackson, 335 F. App'x 14, 15 (11th Cir. 2009); Medberry, 185 F.3d at 1193. First, Plaintiff does not allege that he was in imminent danger on December 11, 2017, when he brought this § 1983 action. Moreover, Plaintiff made no mention of the injuries he now allegedly suffers from the dust and dirt in his original Complaint.⁴ Doc. 1. Plaintiff does not assert that prison officials refused to move him

---

³ The allegation of imminent danger does not have to appear in the Complaint. Barber v. Krepp, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (quoting Asemani v. U.S. Citizenship & Immigration Servs., 797 F.3d 1069, 1075 (D.C. Cir. 2015)). Rather, the question is "whether some timely filing avers facts suggesting a prisoner was under imminent danger of physical injury" at the time he brought the Complaint. Id.

⁴ In fact, Plaintiff originally asserted a different injury arising from excessive ventilation. He alleged that he was exposed to cold winds and outdoor winter temperatures in his cell due to broken or improperly sealed windows in administrative segregation. Doc. 1 at 10.

6

to a different, less dusty location, nor does he argue that the ventilation problem is so pervasive that no safe alternative locations exist. He does not assert that prison staff have refused to treat his dust-related medical issues. O'Connor II, 732 F. App'x at 770 (finding no imminent danger when plaintiff did not allege that prison officials refused to treat his ongoing medical problems). Therefore, this action is barred by § 1915(g), and the Court will not allow Plaintiff to avoid that by alleging new dangers an entire year after he submitted his Complaint.[5] See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (stating that "imminent danger" exception should be construed narrowly and is only available "for genuine emergencies" where "time is pressing" and the "threat . . . is real and proximate"). I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.[6]

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[7] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[5] Indeed, Plaintiff did not take any action in this case between December 11, 2017, when he filed his initial Complaint and various motions, and January 14, 2019, when he moved to amend and alleged he faced imminent danger from unidentified dust particles. Setting aside the important issue of when such "imminent danger" purportedly arose, Plaintiff's allegations would still fall short of establishing an actual imminent danger of serious physical injury. Plaintiff has simply recited—nearly verbatim—certain allegations from other cases where the presiding court found the presence of an imminent danger of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (noting that in Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998), the Third Circuit found imminent danger of serious physical injury where plaintiff alleged "unidentified dust particles were in his lungs and mucus, and that he [was] suffering from severe headaches, watery eyes, and a change in his voice as a result"). But, Plaintiff has not supported the allegations with any other statements. Plaintiff's litigation history—including previous denials of *in forma pauperis* status—further undermines Plaintiff's claim of imminent danger. See Mathis, 181 F. App'x at 809–10 (confirming that it is appropriate to consider "a litigant's history of bringing unmeritorious litigation" when assessing frivolity).

[6] If Plaintiff wishes to pursue his claims, he may do so, but he must file a separate action and pay the entire filing fee upfront. See Dupree, 284 F.3d at 1236.

[7] A certificate of appealability is not required in this § 1983 action.

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker," Plaintiff is not only barred from filing a civil action *in forma pauperis*—he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the aforementioned reasons, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* and his Motion to Amend, docs. 2, 4. I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to enter the appropriate

judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA