IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| EARNEST BARNARD CLAYTON, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-158 |
| v. | |
| CHRISTINA EVANS, et al., | |
| Defendants. | |

## ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 6). For the reasons which follow, the Court **GRANTS** Plaintiff leave to amend, (doc. 8-1), **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

Plaintiff filed this action on December 11, 2017.[1] (Doc. 1). On January 14, 2019, Plaintiff submitted a motion requesting leave to file an Amended Complaint ("First Proposed Amended Complaint"). (Doc. 4). In the Report and Recommendation issued March 18, 2019, the Magistrate Judge examined the entirety of the record, including Plaintiff's First Proposed Amended Complaint, (doc. 4-1), and found that Plaintiff was barred from proceeding *in forma pauperis* because Plaintiff previously filed at least three other actions which qualified as strikes under 28 U.S.C. § 1915(g).[2] (Doc. 6, pp. 3–4). Additionally, the Magistrate Judge determined that

---

[1] Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and an Inmate Account Statement, (doc. 3), the same day.

[2] Plaintiff does not object to this conclusion. (Doc. 8).

Plaintiff's allegations, taken as a whole, did not create an imminent danger of serious physical injury, as required to overcome the three-strikes bar in § 1915(g). (Id. at pp. 4–7). The Magistrate Judge, therefore, recommended the Court dismiss Plaintiff's Complaint. (Id. at p. 1); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, the Magistrate Judge explicitly stated Plaintiff could choose to pursue his claims by filing a separate action and pay the filing fee upfront. (Id. at p. 7 n.6). This remains true.

In lieu of Objections, Plaintiff filed a Motion for Leave to File an Amended Complaint ("Second Proposed Amended Complaint"). (Docs. 8, 8-1). Plaintiff writes that he "made a number of mistakes regarding facts" and "date[s] and other issues," and that he desires to "try to cure any deficiencies" noted in the March 18, 2019 Report and Recommendation. (Doc. 8, p. 1). Additionally, Plaintiff requests to substitute a named individual for one of his three John Doe Defendants.[3] (Id.) In support of his Motion, Plaintiff attaches a 14-page Second Proposed Amended Complaint, (doc. 8-1), and a letter from inmate L. Gray, (doc. 8-2).

The Court has conducted a de novo review of the entire record, including Plaintiff's original Complaint, (doc. 1), his First Proposed Amended Complaint, (docs. 4, 4-1), his Second Proposed Amended Complaint, (docs. 8, 8-1), and the letter from L. Gray, (doc. 8-2), submitted in response to the Report and Recommendation. The Court agrees with the Magistrate Judge's recommendation of dismissal.

Importantly, this determination is not necessarily the end to Plaintiff's claim. Rather, it means only that Plaintiff must refile his action and pay the entire filing fee up front if he desires to litigate his claim on the merits. Dupree, 284 F.3d at 1236. Congress enacted the Prison Litigation Reform Act ("PLRA"), in part, to "curtail abusive prisoner litigation." Id.; Mitchell v. Farcass,

---

[3] Plaintiff named 20 Defendants and included three John Doe Defendants and one Jane Doe Defendant in his original Complaint. (Doc. 1, p. 4).

2

112 F.3d 1483, 1488 (11th Cir. 1997). However, "[t]he second purpose animating the PLRA is Congress' desire to continue to allow prisoners to pursue meritorious litigation." Harris v. Garner, 216 F.3d 970, 1005 (11th Cir. 2000) (noting that the goals of the PLRA are to "conserve judicial resources" and to "continue to allow prisoners to pursue meritorious litigation"). Having determined that frivolity review alone did not strike the right balance between judicial resources and the right of prisoners to litigate in federal courts, the PLRA created additional safeguards, of which § 1915(g) is one. Id. at 1004–06. Thus, all incarcerated individuals may bring federal claims *in forma pauperis*, but once a prisoner has filed three lawsuits which courts have dismissed as frivolous, malicious, or for failing to state a claim, § 1915(g) protects against a continuing onslaught of additional frivolous filings by requiring that prisoner pay the filing fee upfront before bringing any additional actions.

However, to ensure that the filing fee would not prevent incarcerated individuals who are otherwise barred from proceeding *in forma pauperis* from seeking redress from courts in life-threatening situations, Congress "deliberate[ly] [left] an exception for claims of imminent threat of serious physical injury . . . ." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (noting that a "blanket injunction" prohibiting all *in forma pauperis* filings "would be overinclusive" and, thus, Congress tailored the limits on *in forma pauperis* filings "to minimize the exclusion of valid claims that involve fundamental interests"). When an incarcerated person with a history of filing unmeritorious litigation faces an imminent danger of a serious physical injury, courts can consider such a claim without requiring the prisoner pay the filing fee upfront. Id. (observing that § 1915(g) creates a "relatively narrow rule-and-exception pairing"). The imminent danger exception balances the importance of providing redress to prisoners facing a serious, imminent injury against the PLRA's other goals of "preserv[ing] judicial resources and curtail[ing] lawsuits filed by prisoners who have abused the legal system." Sussman v. Hampton, 703 F. App'x 761, 765 (11th

3

Cir. 2017). The question the courts must answer is whether the danger is both imminent and serious enough to justify allowing an inmate with a history of frivolous filings to skirt the filing fee and continue litigating *in forma pauperis* in federal court. Id.

The Magistrate Judge considered Plaintiff's Complaint, (doc. 1), and his First Proposed Amended Complaint, (doc. 4-1), when issuing his Report and Recommendation but ultimately recommended the Court dismiss Plaintiff's action without prejudice.[4] (Id. at pp. 2, 4–7); Dollar v. Coweta Cty. Sheriff Office, 446 F. App'x 248, 249 n.1 (11th Cir. 2011) (finding it appropriate to construe a pro se plaintiff-inmate's pleadings together during frivolity review before dismissing with prejudice). In determining that § 1915(g) barred Plaintiff from proceeding *in forma pauperis*, the Magistrate Judge found that Plaintiff failed to show "why the danger he asserts he faces is imminent." (Doc. 6, p. 5). The Magistrate Judge examined Plaintiff's litigation history, including Plaintiff's year-long delay between filing his lawsuit and moving to add additional factual allegations of imminent danger.[5] (Id. at pp. 6–7, 7 n.5). The Magistrate Judge observed that "the unsanitary prison conditions Plaintiff complains of date back to 2015 or 2016 and were included in his prior lawsuits[,]" and noted that Plaintiff, in his original Complaint, did not allege injuries from dust and dirt but rather "asserted a different injury arising from excessive ventilation." (Id. at 5–6, 6 n.4). Finally, the Magistrate Judge found that Plaintiff failed to allege that "he was in imminent danger on December 11, 2017, when he brought this § 1983 action." (Id. at p. 6).

After a review of the entire record, the Court agrees with the Magistrate Judge's conclusions. Plaintiff is prevented from proceeding *in forma pauperis* because other courts

---

[4] After considering in full Plaintiff's First Proposed Amended Complaint, the Magistrate Judge denied leave to amend because "Plaintiff's action would still be subject to dismissal even if leave to amend were granted." (Doc. 6, p. 2).

[5] Specifically, the Magistrate Judge noted that Plaintiff failed to follow up on the case or take any action from December 11, 2017 (when Plaintiff filed this action) to January 14, 2019 (when Plaintiff first moved to amend). (Id. at p. 7 & n.5). This year-long delay weighed against a finding of imminent danger. (Id.)

4

rejected at least three of his previous filings as frivolous, malicious, or otherwise failing to state a claim (a conclusion to which he does not object). 28 U.S.C. § 1915(g). The Court also finds that Plaintiff's pleadings fail to show an imminent danger of physical injury. While Plaintiff did not submit Objections, he did request leave to file a Second Proposed Amended Complaint. (Docs. 8, 8-1). Plaintiff's Second Proposed Amended Complaint contains the same factual allegations reviewed by the Magistrate Judge in the above-styled action. (Doc. 6 at pp. 2, 5–7; Doc. 8-1, pp. 9–10). Like Plaintiff's other pleadings (in this action and in other actions before this Court), the alleged facts span from 2015 to 2019 and discuss a wide variety of complaints regarding Plaintiff's conditions of confinement (e.g., contaminated meals, assaults by other inmates, and cells which are both poorly ventilated and dusty, but which are also exposed to outdoor winds and temperatures). (Doc. 8-1, pp. 6–13).

The only substantial difference between Plaintiff's First Proposed Amended Complaint, (doc. 4-1), and his Second Proposed Amended Complaint, (doc. 8-1), is that Plaintiff now includes a conclusory allegation that he was in imminent danger at the time he filed his original Complaint. (Doc. 8-1, p. 6). Though this lawsuit has been pending since December 11, 2017, Plaintiff's March 27, 2019 filings are his first attempt to "cure" this "deficiency." (Doc. 8, p. 1). Plaintiff provides no new facts in support of this pleading—rather, he simply asserts that all the conditions of which he originally complained and those which he added a year later in his First Proposed Amended Complaint—existed at the time of filing. (Doc. 8-1, pp. 3–8).

This Court finds that this significantly belated assertion, viewed in the context of the Complaint as a whole, is not sufficient to show that Plaintiff was, in fact, in imminent danger at the time he filed his Complaint, as is necessary to overcome the three-strikes bar. Rather, the Second Proposed Amended Complaint, like the First Proposed Amended Complaint, is merely an opportunistic amendment meant only to avoid court enforcement of PLRA's three-strikes rule.

There is no indication anywhere, outside of the self-serving and belated amendments, that Plaintiff suffered these effects at the time of filing. Rather, both Proposed Amended Complaints show only that "plaintiff is a seasoned vexatious litigant who has read . . . § 1915(g) and is manipulating it to serve his ends." Ball v. Allen, No. CIV.A. 06-0496, 2007 WL 484547, at *3 (S.D. Ala. Feb. 8, 2007) (quoting Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006)).

In denying Plaintiff's First Proposed Amended Complaint, (doc. 4-1), the Magistrate Judge considered the additional arguments raised in the First Proposed Amended Complaint and found that, even as amended, the pleadings did not show Plaintiff faced an imminent danger of a serious physical injury. (Doc. 6, pp. 5–7). The Magistrate Judge determined that the pleading was "nearly identical to many of [Plaintiff's] other complaints already determined to be deficient by this Court." (Id. at pp. 2, 6–7). Additionally, the Magistrate Judge found that the First Proposed Amended Complaint "raise[d] many of the same unrelated issues from [Plaintiff's] previous complaints, such as poor prison sanitation, lack of due process for his placement in administrative segregation, excessive force, retaliation, and failure to protect." (Id.)

Plaintiff's most recent filings do nothing to alter any of the Magistrate Judge's conclusions, nor does his reiteration of substantially the same facts in his First Proposed Amended Complaint make his Second Proposed Amended Complaint any less futile. Gibson v. Doe, 629 F. App'x 868, 871 (11th Cir. 2015) (affirming dismissal of a plaintiff-inmate's proposed amended complaint when the complaint, as amended, would still be subject to dismissal); Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013). Although the Court determines that Plaintiff's Second Proposed Amended Complaint suffers from the same deficiencies the Magistrate Judge found in Plaintiff's First Proposed Amended Complaint, the Court **GRANTS** Plaintiff leave to amend.

When a court examines the entire record, including any proposed amended complaints, and determines that the complaint, if amended, would still be subject to dismissal, the difference between granting and denying leave to amend is purely procedural. In both circumstances, the proposed amendment is fully considered, and, in both circumstances, the action is dismissed. However, some Eleventh Circuit case law suggests that, when a pro se plaintiff moves to amend instead of amending as a matter of course, courts should always grant leave to amend (no matter how futile) before dismissing an action (no matter how frivolous). Toenniges v. Ga. Dep't of Corr., 502 F. App'x 888, 889–90 (11th Cir. 2012) (observing that when a pro se plaintiff requests leave to amend during the time to amend as a matter of course, trial courts should grant leave to amend even when the action, as amended, would still be dismissed). Thus, the Court **GRANTS** Plaintiff leave to amend as to his Second Proposed Amended Complaint and has considered the Second Amended Complaint in this Order.

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS** Plaintiff leave to amend, doc. 8-1, and **DISMISSES without prejudice** Plaintiff's Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 10th day of May, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA